```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:06-00245

**LARRY EUGENE YETTER**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On April 10, 2013, the United States of America appeared by Jennifer L. Rada, Assistant United States Attorney, and the defendant, Larry Eugene Yetter, appeared in person and by his counsel, David O. Schles, for a hearing on the petition on supervised release submitted by United States Probation Officer Justin L. Gibson, the defendant having commenced a five-year term of supervised release in this action on April 16, 2010, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on February 27, 2009.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) that the defendant failed to notify the probation officer of his change in residence inasmuch as the probation officer conducted six unannounced home visits at the defendant's reported residence, which appeared to be unoccupied, and was unable to make contact with the defendant rendering the defendant's whereabouts unknown from June 2012 until the filing of the petition dated December 10, 2012; and (2) that the defendant failed to pay restitution payments of $500 per month as directed by the court inasmuch as he has failed to make a payment since March 30, 2012, and is now in arrears of $6,000; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously

imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of fifty-four (54) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that he make restitution payments as heretofore directed toward the restitution balance of $215,319.98.

The defendant was remanded to the custody of the United States Marshal.

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

DATED: April 19, 2013

John T. Copenhaver, Jr.
United States District Judge